```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION

Mary A. Kindel,                )
                               )
           Plaintiff,          )  Case No. 1:02-CV-879
                               )
     vs.                       )
                               )
Continental Casualty Co.,      )
et al.,                        )
                               )
           Defendant.          )
```

O R D E R

This matter is before the Court on the parties' status reports in response to the Court's order of September 30, 2004 (Doc. Nos. 38 & 39), Plaintiff's motion for award of attorney's fees (Doc. No. 40), Plaintiff's motion to order the enforcement of order to pay (Doc. No. 42), and Plaintiff's second and supplemental motion for award of attorney's fees (Doc. No. 46). For the reasons set forth below, Plaintiff's motion for award of attorney's fees (Doc. No. 40) is well-taken and is **GRANTED**; Plaintiff's motion to order the enforcement of order to pay (Doc. No. 42) is not well-taken and is **DENIED**; Plaintiff's second and supplemental motion for award of attorney's fees (Doc. No. 46) is not well-taken and is **DENIED**.

Plaintiff Mary Kindel filed the instant lawsuit to recover plan benefits from her employer's group long-term disability plan, a welfare benefit plan under ERISA. Defendant

1

Continental Casualty, Inc. ("Continental") was the plan's underwriter as well as its administrator. Plaintiff also filed claims for breach of fiduciary duty and failure to establish plan appeal and review procedures which comport with ERISA's requirements and regulations promulgated by the Department of Labor. On de novo review, this Court reversed the plan administrator's decision finding that Plaintiff is not disabled "with instructions to grant Plaintiff's claim for benefits from the date of her application until she meets the policy conditions for discontinuance of benefits." Doc. No. 37, at 22. The Court also instructed the parties to file a status report indicating whether Counts Two and Three of the complaint were rendered moot as a result of the Court's determination that Plaintiff is entitled to benefits. The Court also indicated that it appeared that the motion for summary judgment filed by Mosler, Inc., Plaintiff's employer, on the grounds that it is not a proper party to the lawsuit, was moot as well.

       The preceding is a summary of the first phase of this litigation. The second phase of this litigation has started, as is often the case, with skirmishing over Plaintiff's application for attorney's fees. Additionally, a new issue has arisen regarding whether Continental may offset Plaintiff's monthly disability benefit from the plan by the amount of her monthly Social Security benefit, as the plan provides. Plaintiff contends that the plan document fails to comply with the Ohio

statute that requires exceptions and deductions from indemnity be adequately captioned and clearly set forth in the policy and that, therefore, Continental cannot offset her monthly plan benefit. See Ohio Rev. Code § 3923.03(E); Johnson v. Lincoln Nat'l Life Ins. Co., 590 N.E.2d 761, 764-65 (Ohio Ct. App. 1990)(insurer could not deduct Social Security payments from policy disability benefits where insurer failed to disclose exceptions and reductions in conformity with § 3923.03(E)). Continental argues that § 3923.03 is preempted by ERISA and that it may offset Plaintiff's monthly benefit; Plaintiff contends that § 3923.03(E) is enforceable because of ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A).

   First, however, the Court takes up the issues raised in the status reports - namely the continued viability of Counts Two and Three and whether summary judgment ought to be granted in favor of Mosler, Inc. because it is not a proper party. Defendants say that the Court should enter judgment for them on these issues for the reasons stated in their motion for judgment on the merits.  In her brief, Plaintiff states that she agrees that Counts Two and Three are moot.  She further agrees that her claims against Mosler, Inc. are moot.  Plaintiff states that she will prepare and submit an entry dismissing these claims, but to date no such entry has been filed.  Since Plaintiff agrees that Counts Two and Three are moot and that her claims against Mosler, Inc,. are moot, the Court enters judgment in Defendants' favor on these claims.  These claims are **DISMISSED WITH PREJUDICE.**

The Court now takes up the remaining issues presented.

As indicated, the parties dispute whether Continental can offset Plaintiff's monthly plan disability benefit with her Social Security benefit. The plan provides that the "Monthly Benefit under this policy shall be reduced by . . . [d]isability benefits paid, payable, or for which there is a right under . . . [t]he Social Security Act[.]" A.R. at 111. Therefore, pursuant to this section, Continental wants to offset Plaintiff's monthly plan benefit payments by her monthly Social Security payment. Plaintiff claims that the policy does not comply with Ohio law on captioning exceptions from coverage, and as result, the offset provision in the policy is unenforceable. Thus, Plaintiff moves the Court to determine the amount of benefits due her and order Continental to pay the benefits along with prejudgment interest. Assuming Plaintiff's interpretation of Ohio law is correct regarding the inadequate captioning of the plan's Social Security offset provision, the question becomes whether ERISA preempts state law or whether the ERISA saving clause applies. The Court agrees with Continental that ERISA preempts state law here and that the saving clause is inapplicable.

ERISA preempts all state laws which relate to an employee benefit plan, 29 U.S.C. § 1144(a), except those which are specifically directed toward the regulation of insurance. 29 U.S.C. § 1144(b)(2)(A); Kentucky Assoc. of Health Plans, Inc. v. Miller, 538 U.S. 329, 334 (2003). Section 1144(b)(2)(B), known as the saving clause, is applicable if the law in question is

4

specifically directed toward entities engaged in insurance and substantially affects the risk pooling arrangement between the insurer and the insured.  <u>Id.</u> at 341-42.  The Supreme Court makes clear, however, that § 1144(b)(2)(A) does not save from preemption state laws which regulate <u>insurers</u>, but not <u>insurance</u>.  <u>Id.</u> at 334.

In this case, § 3923.03(E) meets the first part of the saving clause test, but fails the second.[1]  Section 3923.03(E) satisfies the first element because it is a law which is specifically directed at entities engaged in insurance.  Nevertheless, § 3923.03(E) fails the second part of the saving clause test because it does not purport to affect the risk pooling arrangement between the insurer and insured.  In other words, § 3923.03(E) does not regulate "the scope of permissible bargains between insurers and insureds" by mandating the type of benefits which must be provided.  <u>See</u> <u>Miller</u>, 538 at 338.  For example, § 3923.03(E) does not forbid insurance providers from reducing or excepting coverage in certain circumstances.  If it did, then § 3923.03(E) would clearly be a law which regulates

---

[1] Section 3923.03 provides in pertinent part:

>No policy of sickness and accident insurance shall be delivered, issued for delivery, or used in this state unless all the following requirements are complied with:
>
>(E) The exceptions and reductions of indemnity are adequately captioned and clearly set forth in the policy.

5

insurance because it would alter the permissible scope of bargains between the insurer and insured.

Instead, § 3923.03(E) only regulates the format in which the exceptions and reductions in the policy must be disclosed to the insured. Therefore, § 3923.03(E) is a state law which regulates insurers, not insurance. Consequently, the saving clause does not apply and § 3923.03(E) is preempted by ERISA pursuant to § 1144(a). Because § 3923.03(E) is preempted by ERISA, it is immaterial whether the plan's offset provisions are adequately captioned and clearly set forth under state law. It is sufficient in this case that the plan provides that the insured's monthly benefit will be reduced by Social Security payments. Thus, Continental is correct that it may offset Plaintiff's monthly plan benefit by the amount of her monthly Social Security benefit. Accordingly, Plaintiff's motion to order the enforcement of the order to pay is not well-taken and is **DENIED.**

The next issue is whether Plaintiff should be awarded her attorney's fees and costs, as well as prejudgment interest, as the prevailing party and, if so, what is the amount she should receive. Plaintiff submitted two applications for attorney's fees. The first application, filed immediately after the Court's order granting judgment in Plaintiff's favor, seeks $17,861.00 in attorney's fees and $68.19 in costs. The second or supplemental fee application is to recover additional attorney's fees incurred in litigating the offset issue. Plaintiff claims $9,142.50 in

additional attorney's fees and $218.19 in additional costs. The Court denies Plaintiff's supplemental fee application outright because she did not prevail on the offset issue and because her position was not substantially supported by the relevant case law.

The Court now decides whether Plaintiff should recover her attorney's fees and costs as the prevailing party on the merits of the underlying claim for benefits. The district court has discretion in deciding whether to award attorney's fees to a prevailing plaintiff in an ERISA case. Armistead v. Vernitron Corp., 944 F.2d 1287, 1301 (6th Cir. 1991). In determining whether to award attorney's fees, the trial court is required to consider the following factors: 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the party's positions. Id.

In this case, the balance of factors favors awarding Plaintiff attorney's fees. The Court decided this case under the de novo standard, which is not as good an indicator of the presence or absence of bad faith as the arbitrary and capricious standard of review. See, e.g., Gatlin v. National Healthcare

Corp., 16 Fed. Appx. 283, 290 (6th Cir. 2001)(culpability requirement satisfied where plan administrator's decision was arbitrary and capricious). Reversal under the de novo standard may often merely show that the trial court's view of the evidence was different from that of the plan administrator. Nevertheless, the plan administrator's determination here followed a lamentably common pattern observed by the Court, in all kinds of disability benefits cases, of the decisionmaker selectively reviewing the record for evidence which supports a denial of the claim, rather than considering the record as a whole. As the Court noted in its decision granting Plaintiff's motion for judgment, the only evidence which supported the plan administrator's decision was Dr. Moyer's opinion, which was qualified because it was based solely on the evidence before him at the time, and which did not include any assessment of Plaintiff's subsequent functional capacity examination ("FCE"), which did support her disability claim. Additionally, in stating that no objective medical evidence supported Plaintiff's claim, the plan administrator ignored both the FCE and the results of Plaintiff's psychological tests, which also supported her position. See Doc. No. 37, at 18-19. Thus, the record shows that the plan administrator's review of the medical evidence was not fair. In addition, with regard to the fifth factor, the above analysis demonstrates

Plaintiff's case was rather strong and Continental's case was rather weak. Thus, factors one and five favor Plaintiff.

There is no dispute regarding Continental's ability to pay Plaintiff's claim for fees and costs. Thus, the second factor favors Plaintiff.

An award of attorney's fees in this case would serve to encourage all plan administrators to conduct fair reviews of the medical evidence before them in future cases. Thus, the third factor favors Plaintiff.

Finally, the fourth factor does not favor Plaintiff because she did not file this lawsuit to benefit other plan participants or beneficiaries. Nonetheless, the balance of the five factors demonstrates that Plaintiff should be awarded attorney's fees and costs.

The next question to be resolved is the amount of attorney's fees to be awarded Plaintiff. As stated, Plaintiff's initial application requests $17,861.00 in fees. This represents approximately 67 hours spent on the case at a rate of $265 per hour. In opposition to Plaintiff's application, noting that the past due benefits to Plaintiff are only about $26,000, Continental argues that the amount of fees claimed by Plaintiff is disproportionate to the recovery. Continental also argues

that counsel's hourly rate is excessive.[2] Neither of these arguments is persuasive.

Contrary to Continental's argument, there is no requirement in ERISA cases that the award of attorney's fees be proportionate to the recovery. The lodestar amount, i.e., the reasonable hours expended times a reasonable hourly rate, is presumptively a reasonable award of attorney's fees for the prevailing party. Building Serv. Local 47 v. Grandview Raceway, 46 F.3d 1392, 1401 (6th Cir. 1995). The Court should not, however, award the plaintiff attorney's fees for duplicative or excessive hours. Cf. Wayne v. Village of Sebring, 36 F.3d 517, 532-33 (6th Cir. 1994). In Glenway, the Court affirmed an award of attorney's fees of $70,185.95 even though the final judgment for the plaintiff was only $25,598.91. Id. at 1401, 1402. Therefore, the fact that the fees claimed are approximately 70% of the value of the past due benefits is not of consequence.

Continental does not challenge any particular time entry as being unreasonably expended and a total time expenditure of approximately 67 hours on this case is not unreasonable. In addition, a rate of $265 per hour is a reasonable rate in this district given Plaintiff's counsel's experience. Counsel was

---

[2] Continental raises additional objections to Plaintiff's initial fee application in response to her supplemental fee application. Continental, however, has waived these objections by not raising them in its initial brief in opposition to Plaintiff's fee application.

10

admitted to practice in 1983 and thus had about 21 years of experience practicing law at the conclusion of the merits phase of this case.  In 1983, in response to the growing number of statutes that required the trial court to determine a reasonable fee to award the prevailing party, former Chief Judge Carl Rubin of the Southern District of Ohio formed a committee to determine a reasonable fee for attorneys in the Cincinnati area.  Recognizing that seasoned attorneys are more valuable than attorneys with lesser experience, the committee arrived at the following categories and hourly rates: Paralegals - $37.91/hour; Law Clerks - $23.96/hour; Young Associates (2 years of experience or less) - $61.77/hour; Intermediate Associates (2 to 4 years of experience) - $71.62/hour; Senior Associates (4 to 5 years of experience) - $82.81/hour; Young Partners (6 to 10 years of experience) - $96.39/hour; Intermediate Partners (11 to 20 years of experience) - $113.43/hour; and Senior Partners (21 or more years of experience) - $128.34/hour.  See Beya v. Hoxworth Blood Center, Case No. 1:96-CV-407 (S.D. Ohio, Aug. 25, 1998) (Beckwith, J.) (Doc. No. 183).  This Court has approved applying a 4% annual cost of living adjustment ("COLA") to the rates established by the Rubin Committee.  See James v. Runyon, 868 F. Supp. 911, 913-14 (S.D. Ohio 1994)(Beckwith, J.);  See James v. Frank, 772 F. Supp. 984, 1000 (S.D. Ohio 1991) (Jones, Circuit Judge, sitting by designation).

     Counsel's experience puts him in the senior partner category pursuant to the classifications established by the Rubin

Committee. With an annual COLA of 4%, the reasonable senior partner rate in 2004 is $292.46 per hour. Therefore, counsel's rate of $265 per hour is more than reasonable.

The Court, therefore, finds that the hours expended and counsel's hourly rate are both reasonable. Accordingly, the Court awards Plaintiff attorney's fees of $17,861.00. Continental does not challenge Plaintiff's costs of $68.19. Accordingly, the Court awards Plaintiff costs of $68.19.

Plaintiff moved for an award of prejudgment interest in her motion for order of enforcement to pay. The trial court may award prejudgment interest in an ERISA case at the weekly average one year constant maturity Treasury yield pursuant to 28 U.S.C. § 1961. Caffey v. Unum Life Ins. Co., 302 F.3d 576, 585 (6th Cir. 2002). Additionally, in Caffey, the Court approved the stream of benefits method of calculating prejudgment interest to ensure that the plaintiff is not overcompensated, an error which would transform a compensatory award to a punitive award. Id. at 586. At the present, the Court notes that the one year constant maturity yield is 3.13%. See http://www.federalreserve.gov/releases/h15/data/wf/tcm1y.txt (visited May 23, 2005). Plaintiff should be awarded prejudgment interest in order to fully compensate her for the loss of her past due benefits.

The Court, however, cannot calculate the prejudgment interest due to the Plaintiff until the amount of past due

benefits she is owed is calculated. It appears to be undisputed that the commencement date for benefits payments is February 2001. In addition, because Plaintiff's disability is physical and not mental or psychological, her entitlement to past benefits continues at least through the date of judgment. There appears to be little dispute about the amount of Plaintiff's gross monthly benefit under the plan. It seems, however, that Plaintiff has received annual cost of living adjustments to her monthly Social Security benefit. <u>See</u> Doc. No. 25. Therefore, the amount of offset to which Continental is entitled under the plan needs to be calculated as well.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that:

1. Plaintiff's motion for an award of attorney's fees and costs (Doc. No. 40) is well-taken and is **GRANTED**. The Court awards Plaintiff $17,861.00 in attorney's fees and $68.19 in costs;

2. Plaintiff's motion to order enforcement of order to pay (Doc. No. 42) is not well-taken and is **DENIED**. Pursuant to the plan, Continental is entitled to offset Plaintiff's monthly plan benefit by the amount of her monthly Social Security benefit;

3. Plaintiff's second and supplemental application for an award of attorney's fees (Doc. No. 46) is not well-taken and is **DENIED**;

4. Pursuant to the parties' status reports (Doc. Nos. 38 & 39), Counts Two and Three of the complaint are **DISMISSED WITH PREJUDICE** as to all parties. Count One of the complaint is **DISMISSED WITH PREJUDICE** as to Defendant Mosler, Inc;

5. This matter is remanded to the plan administrator with the following instructions:

    a. Plaintiff is entitled to past due plan benefits beginning February 2001 continuing through the date of this order;

    b. Plaintiff is entitled to future plan benefits until such time as she meets the policy conditions for discontinuance of benefits;

    c. Continental is entitled to deduct Plaintiff's monthly Social Security benefit from her monthly plan benefit. Plaintiff shall cooperate with the plan administrator in calculating the offsets attributable to her past due plan benefits;

6. Plaintiff shall be entitled to an award of prejudgment interest from the date that benefits should have commenced in February 2001 through the date of this order at an annual rate of 3.13%.  Prejudgment interest shall be calculated according to the stream of benefits model as outlined by the Court in <u>Caffey</u>, <u>supra</u>.  The Court will rely on the parties to calculate the prejudgment interest due once the amount of Plaintiff's past due benefits is calculated.  For assistance in calculating prejudgment interest under the stream of benefits method, the Court refers the parties to the following website:  http://mortgages.interest.com/content/calculators/compoundmonthly.asp.  The parties shall file a stipulation with the Court indicating the amount of prejudgment interest due Plaintiff.  If the parties are unable to agree on the amount of prejudgment interest due Plaintiff pursuant to this order, they shall promptly notify the Court.

    **IT IS SO ORDERED**

Date   May 25, 2005                     s/Sandra S. Beckwith
                                             Sandra S. Beckwith, Chief Judge
                                              United States District Court